MARGARET E. HANLON, Respondent, v. CENTRAL RAILROAD COMPANY OF NEW JERSEY, Appellant.

NEGLIGENCE, OF RAILROAD CONDUCTOR IN ASSISTING PASSENGER TO ALIGHT FROM A CAR AT A STATION. While a railroad company is under no obligation to supply the aid of servants in assisting passengers to alight from cars at stations, yet where a conductor, as in this case, assumed to assist a passenger in so doing, and did it in such a negligent manner, by suddenly withdrawing his support, as to cause a fall, the company is liable for the resulting injury, since the passenger had the right to rely upon the conductor's careful performance of his undertaking.

*Hanlon* v. *Central R. R. Co. of New Jersey*, 110 App. Div. 918, affirmed.

(Argued December 13, 1906; decided January 8, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 8, 1906, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Robert Thorne* for appellant. Neither the conductor nor the defendant company rested under any obligation or duty whatever to render any assistance to the plaintiff in alighting from the train. (3 Thomp. on Neg. § 2845; *Raben* v. *C. I. Ry. Co.*, 73 Iowa, 579; *W. & A. R. Co.* v. *Earwood*, 29 S. E. Rep. 913; *Lafflin* v. *B. & S. R. R. Co.*, 106 N. Y. 136.) The defendant should not be held responsible for an accident arising out of a voluntary act of courtesy on the part of the conductor any more than if it were an act of another passenger. (*Green* v. *M. V. R. R. Co.*, 31 App. Div. 413.)

*J. Stewart Ross* and *Walter G. Rooney* for respondent. The defendant is responsible for the injuries and damage caused by the carelessness and negligence of its conductor in removing his support and assistance tendered by him, and on which the plaintiff was justified in relying and was depending. (*Drew* v. *S. A. R. R. Co.*, 26 N. Y. 49; 3 Thomp. on Neg. § 2852; *Foss* v. *B., etc., R. Co.*, 66 N. H. 256; *I., etc., R. Co.* v. *Anderson*, 15 Tex. Civ. App. 180; *W., etc., R. Co.* v. *Voils*, 98 Ga. 446; *Werner* v. *C., etc., R. Co.*, 105 Wis. 300; *Macer* v. *T. A. R. Co.*, 15 J. & S. 461; *Hickey* v. *R. R. Co.*, 14 Allen, 429; *Sweeney* v. *R. R. Co.*, 10 Allen, 368; *Hulbert* v. *N. Y. C. R. R. Co.*, 40 N. Y. 145; *S. L., etc., R. Co.* v. *Baker*, 67 Ark. 531; *M., etc., R. Co.* v. *White*, 22 Tex. App. 424.)

GRAY, J. The plaintiff, a passenger in a train upon the defendant's railroad, had arrived at her destination in Jersey City and, while stepping from the car to the station platform, was injured by falling to the ground. It appears from the

evidence that plaintiff was in the act of descending the car steps, when the train conductor reached out his hand to help her; taking her arm by the elbow. Before she had stepped down upon the platform, the conductor withdrew the support of his hand and she fell between the platform and the car. She had a verdict and the judgment thereupon has been affirmed below. As the case presented a question of some novelty, if not of some interest, in the law of negligence, leave was given to the defendant to further appeal to this court.

The charge of negligence made in the complaint was that "one of the servants of the defendant, in the course of his employment, took hold of the plaintiff's arm to assist her in alighting and, * * * negligently and without warning, removed his hand * * * and, by reason thereof," she was thrown to the ground. The jury had been instructed that there was no claim of defects in steps, or in platform, and "that the defendant was under no duty, through its employees, or otherwise, to assist this plaintiff in alighting from the train." At the close of the charge the court was then requested by the defendant to instruct the jury, further, "that the defendant was not liable for the carelessness, if any, of the conductor in performing a gratuitous courtesy to the plaintiff." This request was refused and the appellant argues that therein the trial court erred. It must be admitted that, if the request stated the correct rule of law, the refusal of the instruction to the jurors was most material and would entitle the defendant to a retrial of the issue.

To establish the charge of negligence, it was necessary, in this case, as in all others, to prove that the defendant had failed in some legal duty, owing from it as a carrier of passengers. The legal duty must have existed and its breach must have been shown in an imperfect performance of the contract of carriage, or in the inadvertent omission, or commission, of some act in the performance, the injurious results of which might have been foreseen by a reasonably prudent person. It is clear enough that the test here is, whether the conductor of the train, in thus proffering his aid

to the plaintiff upon her arrival at her destination, was acting within the scope of his employment. I suppose that the contract of carriage required the safe transportation of the plaintiff from the one to the other station and that that meant, if platforms were provided for passengers, from platform to platform. The contract implied the supply of proper agencies for its performance, in engines and cars for conveyance and in engineers, conductors and brakemen to control and regulate the movements of the train and the reception and discharge of passengers. So far as the defendant's duty related to the transportation of the plaintiff upon its road, it had been performed and the only question is whether its contractual relation with her extended to a responsibility for the act of its servant in charge of the train, in the final act of discharging her from the car. It was not bound to furnish her any personal assistance in leaving the car; for she was, so far as the case shows, in the possession of her faculties and of good health, and was capable of moving about alone. There was nothing defective about the car platform and steps. The conductor of the train stood there, however, and, voluntarily, undertook to guide and to support her in descending from the car.

The cases, to which we are referred, do not necessarily control, in so far as a similarity in circumstances is required, and I find none which is precisely parallel. Cases where the servant has negligently assisted a passenger in alighting from a train, which has carried him beyond his station and stops at an unsuitable place for getting off; or where the preparations for alighting were defective and unsafe; or where the servant procured, and negligently assisted, a person to get on board of a moving car, do not present quite this point, of a voluntary act of assistance proffered by the servant to, and availed of by, a passenger, where none was called for, and so carelessly performed as to be the cause of injury. (*Drew* v. *Sixth Av. R. R. Co.*, 26 N. Y. 49 ; *Foss* v. *Boston, etc., R. R.*, 66 N. H. 256 ; *Werner* v. *Chicago, etc., R. Co.*, 105 Wis. 300 ; *Missouri, etc., R. Co.* v. *White*, 22 Texas Civ. App. 424.).

A conductor is placed in a position of responsible control by the company and he is bound to exercise the greatest care in seeing to the safety of the passengers. He is invested with such apparent authority over them as, reasonably, to induce their confidence in and compliance with his directions and, as well, their reliance upon his acts. The situation, in this case, it is true, was not such as to suggest any serious danger to the plaintiff in leaving the car; but, when the conductor assumed to extend his aid in doing so, she had the right to accept it and to rely upon his act being a careful one. In the abstract, the instruction asked for was correct, that the company was not liable for carelessness in the performance by its servant of a gratuitous courtesy to the plaintiff; but, as requested, the jurors could only have understood it as referring to the situation which was presented by the evidence. Therefore, as applied to the facts, it was correctly refused.

I think we must reach the conclusion that, while the defendant was under no obligation to supply the aid of a servant in assisting the plaintiff to descend from the car, yet, as the conductor undertook to do so, she had the right to rely upon that official's careful performance of his undertaking and to hold the defendant responsible for any failure on his part to use reasonable care.

The judgment appealed from should be affirmed, with costs.

CULLEN, Ch. J., O'BRIEN, EDWARD T. BARTLETT, WERNER, HISCOCK and CHASE, JJ., concur.

Judgment affirmed.