### TEXAS & P. RY. CO. v. MAYER et al.

(Circuit Court of Appeals, Fifth Circuit. November 29, 1910.)

#### No. 2,039.

1. CARRIERS (§ 320*)—ACTION FOR INJURY TO PASSENGER AT STATION—QUESTIONS FOR JURY.

In an action against a railroad company for an injury to a passenger at a station, the principal question at issue, as to whether the station was properly lighted, *held* properly submitted to the jury under the evidence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1149; Dec. Dig. § 320.*

Injuries to persons at stations, see note to New England R. Co. v. Hyde, 41 C. C. A. 550.]

2. CARRIERS (§ 333*)—INSTRUCTIONS.

An instruction based on the assumption that a passenger in a car standing at a station has no right to leave the car except in case of necessity, or when assisted by an agent of the company, *held* rightly refused.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1385–1397; Dec. Dig. § 333.*]

In Error to the Circuit Court of the United States for the Eastern District of Texas.

At Law. Action by Mrs. Dora E. Mayer and others against the Texas & Pacific Railway Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

F. H. Prendergast and W. L. Hall, for plaintiff in error.
S. P. Jones, for defendants in error.

Before PARDEE and SHELBY, Circuit Judges.

PER CURIAM. Under the evidence, the issues of negligence on the part of the defendant below, and of contributory negligence on the

part of Mrs. Dora E. Mayer, were necessarily submitted to the jury. The trial judge in charging the jury covered all the issues in the case, and no exceptions were taken by either party. It follows that the first, second, and third assignments of error, which relate to special charges refused, which, if granted, would have substantially taken the case from the jury, are not well taken.

The remaining assignments of error complain of special charges refused by the court which seem to be based upon the assumption that a passenger in a car standing at a station and inviting the ingress and egress of passengers has no right to leave the car except in case of necessity or when assisted by the railway company's agents, and therefore none of these assignments are well taken.

The real question at issue was whether the car station and surroundings were properly lighted, and under the accepted charge of the trial judge the verdict of the jury cannot be dist---bed.

The judgment of the circuit court is affirmed.