# TEXAS AND PACIFIC RAILWAY COMPANY *v.* STEWART.

## ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 205.   Submitted March 20, 1913.—Decided April 21, 1913.

A charge that a railway is bound to use ordinary care to light its stations and approaches for the reasonable accommodation of passengers is not erroneous to the prejudice of the railway company.

The obligation of a carrier to use due care obtains not only during carriage of passengers but while they sustain that relation and are performing acts fairly attributable thereto.

Such obligation obtains where, as in this case, the passenger left the car of a train before it had started and after considerable delay, to ascertain whether it was the right train, no one apparently being in charge who could give the information.

Such an act on the part of a passenger is not an independent cause which relieves the carrier as being a new and proximate cause of the accident. *Atchison, Topeka & Santa Fe Ry.* v. *Calhoun*, 213 U. S. 1, distinguished.

183 Fed. Rep. 575, affirmed.

THE facts, which involve the liability of a common carrier for injuries sustained by a passenger, are stated in the opinion.

*Mr. W. L. Hall* and *Mr. E. H. Prendergast* for plaintiff in error:

By the evidence in the case there is no negligence of the defendant shown that was the proximate cause of the injury.

Even if the steps of the car were wet and slippery, that would be the direct result of the rain and not on account of any negligence of the defendant. If there was negligence on the part of the defendant, it was not the direct

cause of the injury, but plaintiff's own voluntary conduct intervened and became the efficient cause. *Santa Fe Railway* v. *Calhoun*, 213 U. S. 1; *Insurance Co.* v. *Tweed*, 7 Wall. 44 and 52; *Santa Fe* v. *Hodges*, 24 S. W. Rep. 563.

A railway company does not have to furnish assistance to passengers in alighting from the train. *Neil* v. *Kansas City Ry.*, 21 S. W. Rep. 3; 2 Shearman & Redfield on Negligence, 4th ed., § 510; *Cole* v. *German Savings Society*, 104 Fed. Rep. 113.

The negligence of defendant was as to an independent matter. Plaintiff had safely passed all the dangers that might have caused her injury which grew out of want of lights; she had successfully gone through the darkness to a place of safety and by disregarding the advice of her escort she received the injury.

While the railroad company owes to its passengers a very high degree of care, this high degree of care is imposed on the carrier during the time the passenger commits himself into the keeping of the carrier, and does not apply when a passenger's own conduct mingles with the cause of the injury, and this duty to observe a high degree of care does not apply to the mere condition of the platform and station grounds which are but a passive instrument in use by the carrier. 3 Thompson on Negligence, §§ 2937, 2945, 3054.

After the plaintiff had been seated in the car, then she was not expected to attempt to again get off in the dark, and when she was injured in the attempt to get off she cannot hold the company liable.

When the plaintiff, an intended passenger, had been safely seated in the coach, on the proper train, and was injured in attempting to leave the coach because she thought it was the wrong train; on a dark night in the rain, the want of sufficient lights on the station grounds would not be the proximate cause of her injury.

There was no necessity for plaintiff to attempt to get

off the train when she did in the dark, and she cannot recover damages for injuries received in that attempt.

When one gets on the train he is supposed to do so for the purpose of becoming a passenger, and the servants may assume that he will not desire to get off at once. So held where one person assists another on the car and the train starts before he has time to get off. See 57 Texas, 85, *Pennsylvania Co.* v. *Marion*, 27 A. & Eng. R. R. Cas. 133; 2 Woods on Railway Law, 1000; Thompson on Pas. Cor. 209, 214; *Gwyn* v. *Cincinnati R. R.*, 155 Fed. Rep. 91; *Railway* v. *Kellogg*, 94 U. S. 469.

*Mr. S. P. Jones* for defendants in error.

Mr. Justice Day delivered the opinion of the court.

This case was begun by Mrs. Dora E. Mayer, since deceased, to recover damages for injuries alleged to have been sustained by her because of the negligence of The Texas and Pacific Railway Company in failing to keep its station grounds at Marshall, Texas, properly lighted when Mrs. Mayer was about to take passage upon one of its trains. Judgment upon verdict in the United States Circuit Court for the Eastern District of Texas, to which the case had been removed, was affirmed by the United States Circuit Court of Appeals for the Fifth Circuit. The case is brought here because of the fact that the Railway Company was organized as a Federal corporation.

The facts disclosed in the record tend to show that Mrs. Mayer, a woman about fifty-nine years of age, desired to travel from Marshall to New Orleans, Louisiana. For that purpose, accompanied by a young man, a relative, she proceeded to the station in the former city. The train left late at night. The night was dark and rainy. The station at Marshall has three railway tracks adjoining it. The first track, nearest to the depot, was unoccupied. Upon the second a train was standing, bound for the west,

the opposite direction to which Mrs. Mayer expected to travel. The train for New Orleans was standing upon the third track, headed toward the east, consisting of an express car, smoker, chair car and sleeper. After purchasing her ticket Mrs. Mayer and her companion proceeded toward the eastbound train on the third track, passing around the train standing nearer the station. On their way they met some one with a lantern and were told to take the train upon the third track. They entered the smoking car. There was no one in charge of the car, which was dimly lighted, and the testimony tends to show that Mrs. Mayer became apprehensive that she was upon the wrong car, finding after ten or fifteen minutes that no other person entered the coach. Her escort assured her that she was upon the right train and left her in the car, going out of the smoker with a view to ascertaining whether the chair car was open. Mrs. Mayer testified: "I became fearful that I was on the wrong coach, as no else entered the same, and I left it to find out as to whether it was the right car or not. . . . I went to the door and saw that it was all in darkness, and I wanted to go and I held on to the door frame to try to reach the steps of the car with my feet, and in reaching for them I went on too far and slipped and fell to the ground." She was severely injured.

There was testimony tending to show that the station was improperly lighted, and, as upon writ of error the facts tending to support the judgment must be considered in their most favorable aspect in that regard, we must give due weight to the testimony offered to establish that the illumination was so deficient at this point as to make it very difficult to recognize the countenance of a person more than ten or twelve feet away, and that, when the train was on the second track, as in this instance, in the vicinity where Mrs. Mayer fell, the door and steps of the car were insufficiently lighted. The court sub-

mitted the question to the jury upon a charge which left to them the issue of negligence in the failure of the Railway Company to use ordinary care to provide sufficient lights. In this respect the court told the jury:

"Upon that subject you are instructed that after the plaintiff purchased her ticket and went to the car for the purpose of taking passage for New Orleans, the relation of passenger existed between her and the defendant railroad company, and the duty of the defendant to her was that of exercising ordinary care in having proper lights for the guidance of those desiring to take passage on its train, or, if necessary [ity] demanded it, to get off the train. By ordinary care is meant that degree of care and caution that a man of ordinary prudence and ordinary caution would exercise under the same or similar circumstances. Therefore, in this case determine whether or not the defendant had provided lights such as a man of ordinary prudence and caution under the circumstances would have provided. If you find from the evidence that the railway had provided such lights, you need not pursue your inquiry further, but return a verdict for the defendant. But, if you find from the evidence that the lights that the defendant had furnished were not such as a man of ordinary care and ordinary prudence, under the circumstances would have furnished, then you are instructed to determine the further question in regard to Mrs. Mayer's injuries and how they occurred." And the court also charged the jury that if it believed that Mrs. Mayer thought that she was on the wrong train and attempted to get off the train to ascertain that fact definitely before leaving the station, her relation to the Railway Company continued to be that of a passenger.

The court further instructed the jury that if it found that the Railway Company was negligent in the respect mentioned, it should further determine whether Mrs. Mayer was guilty of contributory negligence in attempting

to alight from the car under the circumstances shown, and that to render a verdict for the plaintiff the jury must find from the evidence that the Railway Company had not used ordinary care in providing lights and that the plaintiff in attempting to descend from the car had used ordinary care under the circumstances and that her injury was solely due to the want of ordinary care upon the Railway Company's part in failing to provide proper lights.

The charge that a railway company is bound to use ordinary care to light its stations and approaches for the reasonable accommodation of passengers, so that they or those intending to become such may enter upon and depart from trains with reasonable safety, was as favorable as the defendant could ask. *Alabama G. S. Ry. Co.* v. *Coggins*, 32 C. C. A. 1; *S. C.*, 88 Fed. Rep. 455. The obligation to use due care obtains not only while the passengers are being carried on the train, but while they sustain the relation of passengers and are performing acts reasonably and fairly attributable to that relation, such as leaving the train for refreshment, for the sending of telegrams, for the taking of exercise and the like. *Alabama G. S. Ry. Co.* v. *Coggins, supra,* and cases therein cited.

We see no reason to disagree with the court below in its charge with reference to contributory negligence. In view of the fact that no one was in charge of the train and that nobody came into the car after Mrs. Mayer had been there some ten or fifteen minutes, it was not an unusual or improper thing that she, an elderly woman, under such circumstances, should wish to learn for herself whether or not she had taken the right train or car for transportation upon her intended journey.

Nor do we think there is force in the contention that, Mrs. Mayer being once safely on the train, her own conduct in undertaking to leave it was the intervention of a new and proximate cause of the injury, which alone resulted in her misfortune and of which she cannot complain,

for this argument, like the other, proceeds upon the assumption that, she having once safely become a passenger, the Railway Company owed her no further duty. As we have said, Mrs. Mayer's conduct, because of her anxiety and desire to be sure that she was upon the right train, did not, in our view, of itself absolve the Railway Company from its duty to her as a passenger. True it is that a new cause, sufficient to produce the injury, may, after the negligence which is the basis of recovery has occurred, intervene under such circumstances as to relieve from liability the one responsible for the original wrong. In such cases, however, there must be the intervention of a new and independent cause between the wrong and the injury. *Milwaukee & St. P. Railway Co.* v. *Kellogg,* 94 U. S. 469, 475. The doctrine finds apt illustration in the case of *Atchison, Topeka & Santa Fe Ry. Co.* v. *Calhoun,* 213 U. S. 1, where a child had been safely handed to a person standing on the depot platform at which the passenger with the child wished to alight; the train started, and the third person attempted to place the child back upon the train while in motion. The child was severely injured. It appeared, it will be observed, that the child had been safely deposited at the station and that the act of the third person in trying to put the child upon the train was the intervening cause which rendered the negligence in failing to stop the train or to assist the child therefrom at the proper station no longer a proper ground of recovery. Assuming, as we think we must, that Mrs. Mayer was acting within her rights as a passenger in undertaking to assure herself that she was upon the right train, we think the mere fact that she proceeded in the manner stated was not of itself the intervention of another and independent cause itself productive of the injury.

Upon the whole record, we find no reason to reverse the judgment and it is therefore

*Affirmed.*