YOUNGLOVE v. PULLMAN CO. et al.

(District Court, N. D. New York. September 19, 1913.)

1. DAMAGES (§ 130*)—EXCESSIVENESS—PERSONAL INJURIES.

Plaintiff, a young lady troubled with defective vision but with no other physical infirmity, attempted to alight at a station from a Pullman car, expecting that the usual movable stool had been placed on the platform to break the distance between the bottom step and the platform. This, however, had been omitted by the porter, and as she stepped down she fell between the lower step and the platform and was thrown forward on her face and sustained bruises and a severe sprain of the ankle. Held, that a verdict awarding her $2,500 was not excessive.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 357-367, 370; Dec. Dig. § 130.*]

2. CARRIERS (§ 416*)—INJURIES TO PASSENGER—ALIGHTING FROM TRAIN—MOVABLE STOOL—FAILURE TO PROVIDE—NEGLIGENCE—QUESTION FOR JURY.

In an action for injuries to a passenger while alighting from a Pullman car by a fall alleged to have been due to the porter's omission to place the usual movable stool to break the distance between the lower step of the car and the platform, causing plaintiff to fall, whether the porter's omission constituted actionable negligence held for the jury.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1590-1600; Dec. Dig. § 416.*]

3. CARRIERS (§ 416*)—INJURIES TO PASSENGERS—ALIGHTING FROM CAR—CONTRIBUTORY NEGLIGENCE.

Plaintiff, a passenger troubled with defective vision but being able to see and move about, had been accustomed to travel and use Pullman cars and prior to the occasion in question had always been assisted by the porter to alight, who had always placed a movable stool between the lower step of the car and the platform. On the occasion in question, when she arrived at her destination, the porter took her umbrella and preceded her out of the car and down the steps to the platform, on reaching which he stepped to one side. Plaintiff descended the steps without looking, supposing that the stool had been placed in position as usual. This, however, had been omitted, and as she stepped off she went down between the lower step and the platform and was thrown forward on her face and injured. Held, that her failure to look to see whether the stool had been

---

put in position did not constitute contributory negligence as a matter of law.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1590–1600; Dec. Dig. § 416.*]

4. CARRIERS (§ 303*)—PASSENGERS—ALIGHTING FROM CAR—DUTY TO ASSIST.

While a railroad company; in the absence of something to show that a passenger about to alight requires assistance, is under no obligation to render assistance, yet, if its agents and employés voluntarily assume to render assistance, it must do so with due and ordinary care and is liable if such assistance is withdrawn and the passenger is injured.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1216, 1218, 1224, 1226–1232, 1234–1240, 1243; Dec. Dig. § 303.*]

5. CARRIERS (§ 303*)—TRANSPORTATION OF PASSENGERS—DUTY TO USE CARE—EXTENT.

The duty of a carrier to use due care for the safety of its passengers obtains not only while the passenger is being carried on the train but so long as the relation of carrier and passenger exists and acts are being performed reasonably and fairly attributable to that relation, including the act of the passenger in alighting from the train.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1216, 1218, 1224, 1226–1232, 1234–1240, 1243; Dec. Dig. § 303.*]

At Law. Action by Frances L. Younglove against the Pullman Company and the Boston & Maine Railroad Company. On defendants' motion to set aside the verdict in favor of plaintiff for $2,500 against both defendants, awarded for injuries received by plaintiff while alighting from a parlor car at a station. Denied.

John Scanlon, of Cohoes, N. Y., for plaintiff.

Jarvis P. O'Brien, of Troy, N. Y., and Visscher, Whalen & Austin, of Albany, N. Y., for defendants.

RAY, District Judge. The defendants operate railroad trains running into the depot at Troy, N. Y., made up of both ordinary passenger cars and Pullman parlor cars.

[1] On the 13th day of July, 1910, the plaintiff was a passenger on one of these trains, riding in the Pullman parlor car, which came into the depot shortly before sundown. She had paid both the regular fare and the extra fare for riding in such Pullman car. She had frequently been a passenger on such trains, riding in the Pullman car. The porter in charge of this car on the day in question had been on the car on at least one of these trips when the plaintiff was a passenger. On the other occasions another porter was in charge. Miss Younglove is somewhat troubled with defective vision and wears glasses but can see and move about. She has no other physical infirmity. Miss Younglove had been accustomed to request and receive assistance from the porter in alighting but did not make any request on the day in question, although when the train stopped the porter took her umbrella and preceded her out of the car and down the steps to the platform. Miss Younglove was the only passenger in this car. No words passed between the plaintiff and porter. On reaching the platform the porter stepped to one side and stood by the side of the car holding the umbrella. The plaintiff descended

the steps, and, as the usual movable step or stool had not been placed on the platform to aid in alighting, the foot and limb of Miss Younglove as her body moved forward, swung backward, she claims, and went down between the lower step and the concrete platform and she was thrown forward on her face, striking on the platform, and she sustained some bruises and a severe sprain of the ankle. The damages awarded are not excessive.

[2] The evidence was sufficient to show and justify the jury in finding that it was quite usual for the defendant companies to place a movable step or box for passengers alighting from the Pullman cars on or very near the edge of the platform to break the distance between the lower step of the car and such platform and thus make the descent more easy and safe. Miss Younglove testified, and she was not contradicted, that such a step, stool, or box had always been provided when she alighted, and that she had been a frequent traveler on the road. When at the station platform, the distance from the ground, tracks, to the lower step of the car is 29½ inches, from the lower step to the level of the concrete platform is 13¼ inches, and from the edge of the lower step to the edge of the concrete platform 17½ inches. That is, it is 6 inches from the edge of the concrete platform out to a line perpendicular to the edge of the lower step. The risers of the steps to the car itself are each 6 inches high. The result is that a person alighting from one of these cars at this Troy station stepped down 6 inches from step to step, four steps, and then to reach the platform (if no movable step, box or stool was provided) had to step outwardly more than 6 inches and downwardly some 13½ inches to reach the platform. The movable steps usually placed, and with Miss Younglove always placed, were 14 inches long and 10 wide and 9 inches in height, thus breaking this distance from the lower step of the car to the platform, or dividing it and making the steps from the platform of the car to the platform of the station substantially uniform.

It requires no argument to show that the descent from the car to the platform of the station would be more or less difficult and dangerous without such movable step or block. If, then, the defendant companies had recognized this difficulty and this danger and had provided this movable step or stool and usually used it for the ease and safety of passengers when alighting, and had always provided and placed it for Miss Younglove or when she and others with her alighted at this station, it was fairly a question for the jury whether or not the defendants were guilty of negligence in withdrawing it or failing to use it on the occasion in question. The court charged:

"Now, gentlemen, in the first place, you are to find, and it is a question for you to determine, for you to say, whether or not the defendants here were guilty of negligence on this occasion in question. You are to determine, first, whether this contention to which I have referred is true, correct. Have the defendants by a custom, their usual course of business in placing this stool, this temporary movable stool for passengers to alight, have they recognized the necessity for it and that this was a difficult and dangerous place to alight without it, and that it needed it and was required for the safety of passengers? Was that true? If so, and then if they had followed it up by placing

that stool usually, so that the plaintiff had learned to rely upon it and she had the right to rely upon it, why then, of course, it would be negligence· on the part of the railroad company to suddenly take it away without warning or notice and without any indication to the plaintiff or travelers accustomed to it that it was gone. I said it would be negligence. What I mean is it would be evidence of negligence, from which you might find negligence on the part of the railroad company. I do not say it would be negligence as matter of law. It would be for you to say. It would justify you in finding negligence."

Miss Younglove, the plaintiff, testified that when this train stopped at the Troy station she arose and followed the porter out and down the steps of the car and made the usual step she would have made assuming the temporary or movable step to be in place; that she was looking at the porter, expecting him to assist her, and did not look to see or observe whether the temporary or movable step was in place or not. In short, the substance of her statement was that she assumed from what had gone before and what had been universally, so far as she was concerned, done on other occasions, · and from what the porter did on this occasion as he preceded her with her umbrella, that he · had placed this movable or temporary step or stool in its usual place, and that it was there, and that the porter was there to assist her as had been done before, and that her eyes were on the porter, and that she made the step assuming the temporary stepping block or stool to be in place.

[3] The defendants contend that this action· on her part constituted contributory negligence, as matter of law, and that the court should have directed a verdict for the defendants. The plaintiff contends that such action on her part was not, under the then existing circumstances and in view of the action of the porter and of what had uniformly been done at this station on all former occasions, necessarily contributory negligence, and that the question was a fair one for the jury and properly submitted, and that, the jury having found a verdict in her favor, it should not be disturbed. On this question of negligence the court, amongst other things, charged as follows:

"Now as I said, or started to say, of course the defendants contend: First, that they were not negligent at all, not guilty of any negligence; that the placing of this stool was a mere matter of convenience, put there by the porter to aid people in getting on and off; that there was no duty imposed upon them; and they ask the court to charge that its absence was not negligence or that the duty of putting it there was not imposed upon them by law. I will say to you, gentlemen, the placing of a stool there, or a movable step, is not a duty imposed by any statute, so far as I am aware, or by law, but the railroad company was bound to do those things reasonably necessary to make the entrance to the trains and the egress from them reasonably safe, to use all reasonable, well-known appliances that would aid to make that ingress and egress from those cars reasonably safe so far as they could and so far as such appliances were known. That would be a duty imposed, and it is for you to say, gentlemen, whether this was such a difficult and dangerous place as to make it the duty of the railroad company to supply some means, or those means which they had at hand, and whether they had recognized it and so were guilty of negligence in not putting something there, supplying something, either the stool which they had at hand or something else, to make egress from this car reasonably safe, and so discharge their duty."

And on the question of contributory negligence the court, amongst other things, charged as follows:

"If, however, the defendants here have satisfied you, by a fair preponderance of evidence, that this plaintiff was guilty of contributory negligence, even if the defendants were negligent, if she was guilty of contributory negligence (negligence which contributed to the injury in any degree), then of course this plaintiff cannot recover. The defendants contend here that even if you say it was their duty to place the stool, and even if you find they were negligent in not placing the stool, still they say that you should find that this plaintiff was guilty of contributory negligence in that she did not look to see that the stool was not placed, and that she was negligent in not discovering that it was not placed, not looking to see, paying attention to it, and the defendants contend that if she had looked, if she had paid attention, if she had looked down before stepping, she would have seen that the stool was not there and that she wouldn't have stepped upon the assumption that it was there; that she could either have called for it and have had it placed there or called for assistance, or she could have alighted in such a manner, by jumping or otherwise, as to have avoided all danger. Therefore these defendants contend that the plaintiff was guilty of contributory negligence (negligence which contributed to this injury). In other words, that it was her own fault in part and that but for her own fault this accident would not have occurred. Now, gentlemen, as I say, you are to consider, as bearing upon that, the condition of the woman, what had gone before, the custom of the porter, as you find it to be, the different directions in which it was the duty of the woman perhaps to look, the things that she had to see to, what had gone before. Was she negligent in failing to think and to look and to observe that the stool (the stepping stool) was not there? Was she negligent in acting without paying particular attention and looking to that? If she was, if you so find that it was a duty imposed upon her, in view of all the circumstances going before and accompanying that transaction, if you find that that omission contributed to this injury, was contributory negligence on her part, then, of course, gentlemen, she could not recover."

I think the real question in the case is: Was Miss Younglove, as matter of law, guilty of contributory negligence in failing to look and ascertain that the temporary stepping block had not been placed? Was she, under the circumstances and in view of what had always been done, justified in assuming the stepping block had been placed and in failing to observe it had not been placed? I think it was a question for the jury, under all the facts shown and the circumstances of the case. The porter preceded her as he always had done. He took her umbrella showing a purpose to assist her as the porter always had done. It was evidently his duty to place the stepping block provided for the purpose, as the porter on all and many occasions when plaintiff was a passenger had done, and it seems to me the plaintiff had the right, in the absence of anything indicating he had not performed the duty, to assume that he had performed that duty on this occasion. She was looking to the porter for assistance; her eyes were on him; and can it be said as matter of law, she was negligent in not thinking that he might not have placed the stepping block and in failing to look to ascertain whether or not it was in its place as it always had been? The risers of these car steps were 6 inches (that is, it was 6 inches from step to step), and the space of some 16 inches from the last step downward and outward to the platform divided by the temporary stepping block, generally used by the defendant and always used when the plaintiff was a passenger and placed by the servant

of the defendants, who was there to wait on and assist passengers generally, made the exit of passengers much more secure and safe than it otherwise would have been. A passenger on alighting from a car is of course bound to exercise his senses, and Miss Younglove was exercising hers. As it turned out, she was not exercising them to the best advantage. Was it negligence on her part, in view of what defendants always had done when she was a passenger, to expect that a stepping block would be in place and assume that same was in place and act accordingly? Was it, as matter of law, negligence on her part, in view of what the porter had done on prior occasions, to place her eyes on him so as to receive his assistance instead of looking to see if the temporary stepping block had been put in position?

[4] It is true, undoubtedly, that a railroad company, in the absence of something showing that a passenger about to alight from a car requires assistance, is under no obligation to render assistance. But if the railroad company, acting by its agents and employés, voluntarily assumes to render assistance, it must act with due and ordinary care and is liable if such assistance is withdrawn and the passenger sustains injury. Hanlon v. Central Railroad Co. of New Jersey, 187 N. Y. 73, 79 N. E. 846, 10 L. R. A. (N. S.) 411, 116 Am. St. Rep. 591, 10 Ann. Cas. 366.

[5] The obligation and duty of a railroad company to use due care for the safety of its passengers obtains not only while the passenger is being carried on the train but while and so long as he or she sustains the relation of passenger and is performing acts reasonably and fairly attributable to that relation, such as leaving the train for refreshment, for the sending of telegrams, for the taking of exercise, and the like. Texas & Pacific Railway Co. v. Stewart et al., 228 U. S. 357, 33 Sup. Ct. 548, 57 L. Ed. 875, affirming 183 Fed. 575, 105 C. C. A. 646. Here the plaintiff, Miss Younglove, had not ceased to be a passenger. She was performing an act not only fairly attributable to that relation but one absolutely necessary to be performed. She was injured while performing that act. For the purposes of this case, we may assume that the defendant corporations primarily were under no obligation to furnish a temporary stepping block for passengers in alighting from trains. But the evidence shows that it was quite usual and customary for the defendants to use this stepping block for the convenience and safety of its passengers in alighting and, without request, had always done so for others and for this plaintiff when on this train and who for a long time had been a frequent passenger on this train. The jury found that, by and in so furnishing and using it, the defendants had recognized it to be difficult and somewhat dangerous to alight from these Pullman cars without it. They had undertaken by this means to aid not only the plaintiff but others in alighting from these cars at this station. The plaintiff had justly and properly learned to expect and rely upon it, not through her own acts and conduct, but by reason of the acts and conduct of the defendant corporations. On the occasion in question, and without warning or notice of any kind, this aid was with-

drawn or not furnished. The plaintiff had come, and justly so, to expect its presence and rely on its presence as much as though it had been a permanent part of the car or platform. Was she bound, as matter of law, to look and see if the companies had done what they always had done voluntarily before for her safety and what she had the right to assume they had done on this occasion? I think not.

In the Hanlon Case, supra, 187 N. Y. 73, 79 N. E. 846, 10 L. R. A. (N. S.) 411, 116 Am. St. Rep. 591, 10 Ann. Cas. 366, the conductor assumed to assist the plaintiff in alighting from the train and negligently withdrew that support, whereby the plaintiff fell and was injured. There, of course, the proffered assistance was immediate and a part of that particular transaction of alighting from the train, but it was assistance volunteered and on which the passenger had the right to rely. The court held that, while the railroad company under the circumstances was under no obligation to supply the aid of its servant to assist the plaintiff in alighting, the conductor having volunteered his aid, the company was liable for his negligence, "since the passenger had the right to rely upon the conductor's careful performance of his undertaking."

In the case now before this court the defendants themselves had provided this temporary stepping block for use in assisting passengers to alight from these cars and had frequently used it with passengers and always when this plaintiff was a passenger, not for her specially, but for all the passengers on that car, and had thus built up confidence in its presence on all occasions. The jury was therefore justified in finding that the defendants were negligent in withdrawing it on this occasion without notice. The jury was justified in finding that this was a somewhat difficult and dangerous place in which to alight from car to platform, and that defendants had recognized it as such and made it safe by providing and using this temporary stepping block or stool.

In Texas & Pacific Railway Co. v. Stewart et al., supra, 228 U. S 357, 33 Sup. Ct. 548, 57 L. Ed. 875, Mrs. Mayer entered the car standing on tracks at or near the station in the nighttime as a passenger. There was no other person in the car, and the tracks and door and steps of the car were insufficiently lighted. After being in the car some little time, Mrs. Mayer became apprehensive that she was or might be on the wrong car or train. She said:

"I became fearful that I was on the wrong coach, as no one else entered the same, and I left it to find out as to whether it was the right car or not. * * * I went to the door and saw that it was all in darkness, and I wanted to go and I held onto the door frame to try to reach the steps of the car with my feet, and in reaching for them I went on too far and slipped and fell to the ground."

Here is a case where there was in fact no necessity for leaving the car; one where Mrs. Mayer knew the insufficient lighting and was groping in the dark. The court held that the question of her contributory negligence was properly left to the jury, and that its finding should not be disturbed. The general rule is that when the facts are not in dispute, *and where but one reasonable inference* can be drawn from

them, a question of law for the court is presented; but when a question of fact is presented, or where fair, intelligent minds may draw different conclusions and inferences from the conceded facts, a question of fact for the jury is presented as to the existence or nonexistence of contributory negligence.

In Chicago, etc., R. Co. v. Lowell, 151 U. S. 209, 14 Sup. Ct. 281, 38 L. Ed. 131, there was a notice in the car that passengers on leaving by the forward end should turn to the *right*, and if it had been obeyed the passenger would have landed on the platform, but if not obeyed, and he turned to the left, the turn led him to. and necessitated his passing across the track. The passenger had not read the notice, turned in the wrong direction, went on the track, and was struck by an engine. Held, the question of contributory negligence was for the jury.

In Warner v. Baltimore, etc., R. Co., 168 U. S. 339, 345, 18 Sup. Ct. 68, 42 L. Ed. 491, passengers who were to take trains on the east track had to pass the west tracks. On this west track a train was momentarily expected to arrive. A person who was to take a car on the east track saw the train on that track stop and he started across the west track and was struck by the train. Held, that he had the right to expect that it was safe to do so from the stopping of the train he was to take.

In Chunn v. City & Suburban R. Co., 207 U. S. 302, 28 Sup. Ct. 63, 52 L. Ed. 219, cars ran in opposite directions on different tracks, and there was a clear space of some 3 feet and 6 inches only between the cars when they passed each other at the point in question. Here some planks had been laid and passengers were accustomed to stand there and take the cars and the doors were opened by the defendant for that purpose. It did not appear who laid the planks. The plaintiff stood in this narrow space to take a car on one track and was struck by a rapidly moving car on the other. Standing there the plaintiff could see in both directions a full quarter of a mile. Held, that the question of contributory negligence was for the jury. Had she looked she would have seen the approaching car; and had she observed she would have seen that she was too close to the track on which the car which struck her was running. The court said:

"If upon these facts reasonable men might fairly reach the conclusion that the plaintiff, while herself in the exercise of due care, was injured by the negligence of the defendant, the case should have been submitted to the jury. Warner v. Balt. & O. R. Co., 168 U. S. 339 [18 Sup. Ct. 68, 42 L. Ed. 491]."

If Miss Younglove had looked to see if the stepping block was in position, she undoubtedly would have observed its absence. She did not and acted on the assumption that it was in position as it always had been when she was a passenger. It did not occur to her to look, as she had no reason to apprehend its absence. As in the Chunn Case the plaintiff had no reason to apprehend a careless act on the part of the railroad, a deviation from its custom. I do not think an *absolute duty* rested on her to apprehend the possible absence of the stepping block and to have its possible absence in mind and act accordingly. Its absence was not her fault, and she had no cause or reason to sus-

pect its absence. On the other hand, from what had been the universal custom of the porter of this car, when plaintiff was a passenger, and from the fact that he took her umbrella and preceded her from the car to the platform, she was not negligent, as matter of law, in assuming that he would assist her to alight in the usual way and that he would place the stepping block as had always been done. It was not a negligent act, as matter of law, for the plaintiff to look to the porter for his assistance which had always been rendered before instead of looking to see if he had performed the usual duty of placing the stepping block. If on former occasions the stepping block had been placed at the request of the plaintiff or some passenger, the case would be different, but the evidence is that it was a voluntary act on the part of the porter who, we may assume, was acting on the authority of his masters, the defendants. Let us assume, in the light of some of the cases, that a railroad company would be under no obligation to provide a bridge to cover a space of, say, 20 inches in a horizontal line from its car step to the platform; the step being on a line with the top of the platform. Let us assume that no recovery could be had should a passenger step into such open space, fall, and receive serious injuries. Let us further assume that a railroad company having such spaces between platform and car steps should for years provide a bridge from steps to platform for the ease and convenience and safety of passengers in alighting from the cars, and that this custom should become well known so that travelers on the road well knew of this provision for their ease, convenience. and safety. Suppose that without notice or warning this bridge should be dispensed with and a person, a frequent passenger on the road and accustomed to use the bridge, should assume its presence, his attention being diverted to porter or some object or person on the platform, and step out, assuming the bridge to be in place, and fall and receive serious injuries. Would or would not a jury be justified in finding negligence on the part of the railroad company, and would not the jury be justified in finding absence of contributory negligence on the part of the person so injured? It seems to me the answer is plain and that there can be but one answer.

The motion to set aside the verdict and for a new trial must be denied.