42  417
                                                                    77    6
ST. LOUIS, IRON MOUNTAIN & SOUTHERN RY. V. SHACKELFORD.             42  417
                                                                    82  337

RAILROADS: *Injury from negligence of fellow workmen.*
   A railroad company is not liable to an employe for an injury occasioned to him by the negligence of a fellow workman engaged in the same service.

APPEAL from *Ouachita* Circuit Court.
Hon. C. E. MITCHEL, Circuit Judge.

C.

*Dodge & Johnson* for appellant.

1. The doctrine of fellow servant is settled in this State. *39 Ark., 26; 35 Ark., 613.*

2. The verdict was not sustained by the evidence. The conductor, engineer, *all* were fellow servants, and even if there was negligence, which is denied, it was simply the carelessness of a fellow servant, and was one of the risks incident to the employment. No negligence can be imputed to the company. Its officers and servants were all capable and competent men, and the evidence does not prove that anybody was negligent except the plaintiff.

3. The question of who are *fellow servants*, is one of law to which the facts are to be applied. *39 Ark., 26; Wood's Master and Servant, sec. 435 and notes; 35 Ark., 613.*

4. Price, the foreman, is the only one who could possibly have been performing *master duties*, and he was in the depot at the time of the accident, and neither saw it nor had anything to do with it.

5. The verdict is excessive.

*Barker & Johnson* for appellee.

The court did not err in giving the instructions that it did in this case. They were the law; and the damages were not excessive. *St. L., 1. M. & S. Railroad v. Cantrel, 37 Ark., 522; L. R. & F. S. R. R. Co. v. Duffey, 35 Ark., 602, and Barton v. Lowden, 35 Ark., 492.*

Plaintiff and McCaughey, the conductor, who was at the time acting as road master and superintendent, with power to discharge plaintiff, were not fellow servants, and did not come within the rule laid down in *Fones et al. v. Phillips, Guardian, 39 Ark., 17.* They came within the rule laid down in Duffey's case, *supra*, and *Beemes, Adm., etc., v. C. R. I. & P. R. Co. (advance case, Iowa, April 20, 1882),* and reported in *6 A. & E. R. Cases, 222.*

St. Louis, Iron Mountain and Southern Railway v. Shackelford.

In this last case it was held that whoever, at the time of the injury, had charge of the train upon or by which the party was injured, whether employé or otherwise, and stood toward the injured party in the relation of superior or vice-principal, and through the negligent or careless orders of such superior the plaintiff was injured, without any contributory negligence on his part, the defendant company would be liable, and the jury were the judges of carelessness, upon the part of the company on the one hand, and contributory negligence on the other; also *Cox v. G. W. R. R. Co., 6 A. and E. R. R. Cases, 485; Miller v. W. P. R. R. Co.; C. C. D. Co., 12 Fed. Rep., 600; 6 A. and E. R. R. Cases, 614; Totten v. Penn. R. R. Co., 11 Fed. Rep., 564.*

The rule in *Slater v. Jewett, 84 N. Y., 61,* does not apply here—appellee and McCaughey were not fellow servants. (*Mullen v. Phil. and Steamship Co., 28 S. M., 25; Gonaly v. Vulcan Iron Works, 61 Mo., 402; Malone v. Hathaway, 64 N. Y., 5.*) Whenever the agent has power to discharge an employé, then the relation of fellow servants does not exist. *Fike v. B. and A. R. R. Co., 53 N. Y., 551; Huntington and Broad Top R. R. v. Decker, 82 Penn. St., 119; Kansas Pacific R. R. Co. v. Solomon, 11 Kan., 82; Dick v. I. C. & L. R. R. Co. (Ohio advance case); 8 A. and E. R. R. Cases, 101.*

See, particularly, *Beemis, Ad., v. C. R. T. & P. R. Co., Am. & Eng. R. R. Cases, vol. 10, p. 658.*

SMITH, J. Shackelford was in the employment of the railway company as a laborer upon a construction train. At the time the injury was received, for which he sued, he was specially engaged in moving heavy iron rails from one flat car to another. While he and his co-laborers had a bar of iron in their hands, and were in the act of shifting

it from one car to another, the train was put in motion without warning of any kind. This caused the men to drop the iron, which rolling over and catching the thumb of plaintiff's right hand, crushed it. The answer denied that the injury was the result of the defendant's negligence. A jury trial resulted in a verdict of $1,250 damages for the plaintiff.

The verdict was assailed, in the motion for a new trial, as being without evidence to support it.

The material facts are not in dispute. The train was standing at a station. All of the hands upon it, conductor, engineer, brakemen, and laborers, were under the control, and subject to the orders of the foreman, Price. And all were engaged in the same common pursuit, viz., in repairing the defendant's track from the effect of a recent washout. At the time of the accident Price was in the depot building. He had just before given directions for the unloading of the iron, and as soon as it was unloaded that the train should be cut into two separate parts, and one car be placed on the side track.

The men were in the act of handling the last bar of the iron and the proximate cause of the injury was their carelessness in dropping it, or the carelessness of the engineer in starting the train without a signal.

Now it is unimportant whether it was the negligence of the conductor or of the engineer, or of his immediate colaborers that produced the injury. They were one and all fellow servants, within the meaning of the rule which exempts the master from responsibility for such accidents. The plaintiff, when he engaged to do construction work on a railway, undertook to run all the risks incident to the service, including the risk of negligence on the part of his fellow workmen. He must have known that he was liable to be injured by their want of care, and that against

St. Louis, Iron Mountain and Southern Railway v. Shackelford.

such hazards his employer was powerless to protect him. The implied contract of the company did not extend to indemnify him against the negligence of any one but the company itself. *Cooley on Torts, 542, and cases cited; Wood on Master and Servant, sec. 428; Bartonhill Coal Co. v. Ried, 3 Macq., 266; Farwell v. B. & W. R. Corp., 4 Met., 49.*

In the case last cited, a locomotive engineer was injured through the carelessness of a switchman.

In *Hodgkins v. Eastern R. Co., 119 Mass., 419,* a brakeman sustained injury by reason of the making up of the train of cars with platforms of unequal height by the ordinary servants of the company.

In *Rohback v. Pacific R. Co., 43 Mo., 187,* a track man was injured through the carelessness of an engineer in backing a train of cars, without ringing the bell or sounding the whistle, on to the plaintiff who was at work, with his face from the train.

And in all these cases it was decided that the master could not be held to respond in damages; the difference in the grade of the servants being of no consequence, so long as both serve and are paid by the same master, work under the same control, and are engaged in the same general business.

There is no proof that the conductor, engineer, or other servants employed by the company, were incompetent by reason of want of skill or prudence, for the business intrusted to them; nor, with the exception of the foreman, that any one of them had any control over the others. Price, if any one, occupied the position of superintendent of this work, yet there is no pretense that he was guilty of such negligent conduct as to render the principal chargeable as for its own personal fault.

Errors in the charge of the court were also complained of.

After laying down the law correctly in the second insruction given at the instance of the defendant, the court practically nullified its direction by telling the jury to find a verdict for the plaintiff if any of the defendants "caused the cars to move up whilst the workmen were at work, without notice to the plaintiff, whereby plaintiff's thumb was mashed."

The court, also, of its own motion, gave the following: "If the jury find from the evidence that the injury complained of was the result of the negligence of an employé of the defendant, who was at the time performing master duties of the defendant, they will find for the plaintiff."

There is no evidence in the record upon which to base such directions.

Reversed for a new trial.