# CASES DETERMINED

### IN THE

# SUPREME COURT OF ARKANSAS

CHOCTAW, OKLAHOMA & GULF RAILROAD COMPANY v. DOUGHTY.

## Opinion delivered October 28, 1905.

1. PLEADING—COMPLAINT DEFECTIVE IN FORM—REMEDY.—If the substantial facts which constitute a cause of action are stated in the complaint, or can be inferred by reasonable intendment from the matters which are set forth, although the allegations of these facts are imperfect, incomplete or defective in form merely, the proper mode of correction is not by demurrer nor by motion to exclude the evidence at the trial, but by a motion before the trial to make the averments more definite and certain by amendment. (Page 5.)

2. SAME—WHEN DEFECTIVE IN FORM.—A complaint against a railroad company which alleges that the death of plaintiff's intestate, an employee of defendant, was due to the negligence and carelessness of defendant through its agents and servants is defective in form merely in failing to allege that the alleged negligence was not the act of fellow-servants. (Page 5.)

3. SAME.—A complaint against a railroad company for negligently causing the death of an employee is not demurrable for failure to state the particular acts of the particular agents which constituted the company's negligence; a motion to make the complaint more specific being the remedy. (Page 6.)

4. DEFECTIVE COMPLAINT—WHEN DEFECT SUPPLIED BY ANSWER.—If a complaint against a railroad company for negligently causing the death of an employee were demurrable for failure to allege that the negligence complained of was the negligence of one not a fellow-servant, such defect was waived where the defendant answered over, and alleged that the "negligent act or omission was an act of a fellow-servant." (Page 6.)

5. NEGLIGENCE—BURDEN OF PROOF.—While the burden of proof, in an action against a railroad company for negligently causing the death of plaintiff's intestate, is on the plaintiff, such burden is discharged by showing that the injury was caused in a collision of trains by those who were not fellow-servants under circumstances from which the conclusion of negligence necessarily arises. (Page 8.)

I

6. SAME—NEGLIGENCE OF CO-EMPLOYEES.—Where an employee of a railroad company is injured by the negligence of two or more co-employees, one of whom is not a fellow-servant, the company is liable. (Page 9.)

7. FELLOW-SERVANTS—WHO ARE NOT.—Neither a conductor in charge of a train, nor a train dispatcher having authority to direct its movements, is a fellow-servant with the fireman on the locomotive. · (Page 9.)

8. CONTRIBUTORY NEGLIGENCE—FAILURE OF FIREMAN TO KEEP LOOKOUT.— It was not error to refuse to instruct the jury that, if it was impossible for the engineer on a train to keep a lookout, it then devolved upon the fireman to keep such lookout, and that, if he failed to perform that duty, and such failure contributed to his death, they should find for the defendant; as the lookout statute was designed for the the benefit and protection of "persons and property upon the tracks" of railroads, and not for the protection of employees while operating trains. (Page 9.)

9. SAME—PLEADING—BURDEN OF PROOF.—Contributory negligence is a matter of defense; and, when alleged, must be proved, unless the evidence developed by the plaintiff shows it. (Page 10.)

10. MASTER AND SERVANT—SAFE PLACE TO WORK.—It is the duty of a railway company to exercise ordinary care in operating its trains, and to provide its servants a safe place in which to work. (Page 11.)

11. DAMAGES FOR KILLING—WHEN NOT EXCESSIVE.—For the negligent death of a husband who was father of an infant child, whose expectancy of life was 36 years, who was frugal, industrious, sober, of good moral character, and affectionate disposition, and had graduated in the common schools, whose wages were from $75 to $85 per month, which he turned over to his wife, and who was in line of promotion to a position where his wages would be double, a verdict for $12,500 in favor of his wife and his infant child was not excessive. (Page 11.)

12. TRIAL—IMPROPER ARGUMENT.—Failure of the trial court to exclude improper remarks of appellee's counsel tending to increase the verdict was not prejudicial if such remarks were made in reply to improper remarks of appellant's counsel, and the verdict was not excessive. (Page 12.)

Appeal from Saline Circuit Court; ALEXANDER M. DUFFIE, Judge; affirmed.

### STATEMENT BY THE COURT.

That part of the complaint purporting to state the cause of action is as follows:

"That on September 17, 1902, the said A. Watt Doughty was in the employment of the said defendant company as fireman upon one of its freight trains running from Hot Springs to Little Rock, Arkansas, and while he was thus engaged in the discharge

of his duty as such fireman on said defendant's freight train, as it approached the city of Little Rock and within about one mile of the defendant company's depot in said city, on said 17th day of September, 1902, between twelve and one o'clock of said day, by the negligence and carelessness of the agents and servants of said defendant company, said freight train collided with a passenger train of said defendant company, producing a terrible wreck and causing the death of the said A. Watt Doughty, while he was engaged in the discharge of his duty in said employment and without fault of his own, who departed this life on said day intestate by reason of such negligence and carelessness of said defendant company, leaving surviving him the said Flora E. Doughty as his widow, and Willie L. Doughty, age 2 years, as his only child and the next of kin of the said deceased.  That plaintiff alleges that by reason of the wrongful killing and death of the said A. Watt Doughty, caused as aforesaid by the negligence and carelessness of the agents and servants of said defendant company, the said Flora E. Doughty as the widow, and the said Willie L. Doughty, as the next of kin of said deceased, have been damaged in the sum of $50,000.

   To this appellant demurred, on the ground that the complaint does not state facts sufficient to constitute a cause of action.  The court overruled the demurrer, and the defendant excepted to the ruling.

   Defendant filed an amended answer, admitting that deceased, Doughty, was its fireman, that he was killed in the collision mentioned in the complaint, and at the time was in the discharge of his duty, but denying that the collision was caused by the negligence and carelessness of the agents and servants of the company, and denying that Doughty's death was caused by the negligence and carelessness of the defendant company.  The answer in appropriate words sets up the defenses of "assumed risks," "injury by fellow-servants," and contributory negligence.

   The verdict and judgment were for $12,500.  Other facts will be stated in the opinion.

   *E. B. Peirce* and *T. S. Buzbee,* for appellant.

   In pleading a conclusion of law or opinion, rather than the facts constituting the alleged negligence and carelessness of defendant, the complaint failed to state a cause of action.  Kirby's

Digest, § 6091; 125 Fed. 187, and cases cited; 35 Ark. 106; 37 Ark. 599; 50 Ark. 562; 64 Ark. 39-46; 58 Ark. 227; 66 N. W. Rep. 824; 22 Pac. Rep. 1076; 26 Pac. Rep. 560; 104 Mo. 413; 100 Ind. 491. The complaint was also defective in failing to allege facts showing that the negligence complained of was not the negligence of fellow-servants. 35 Ark. 602; 39 Ark. 17; 42 Ark. 417; 44 Ark. 524; 45 Ark. 318; 46 Ark. 555; 54 Ark. 289; 58 Ark. 217; *Ib.* 339; 61 Ark. 306; 67 Ark. 306; 37 Fed.Rep.189; 134 Ill. 209; 41 Ill. App. 522; 146 Ill. 605; 106 N. C. 537; 12 S. E. 124; 134 Mass. 354; 63 Ark. 477.

If the proof fail to show negligence on the part of the company, or on the part of its employees, for which it would be responsible to plaintiff, the verdict is not supported by the evidence. 44 Ark. 524; 46 Ark. 567; 51 Ark. 467; 71 Ark. 258; 74 Ark. 19; 179 U. S. 658.

Instructions 1, 2, 3 and 5, though in the abstract correct, were erroneous, because there was no evidence upon which to base them. 74 Ark. 19.

It was error to refuse instructions numbered 6, 7 and 11 asked by defendant, and in their stead to give instruction No. 4 asked by plaintiff. It is the duty of the fireman to keep a lookout when, under the circumstances, a lookout by the engineer would be ineffective. Kirby's Digest, § 6607; 62 Ark. 186; 64 Ark. 238. Such duty being imposed by statute and by his employment, the jury should have been limited to the inquiry whether or not the failure to perform it contributed to the injury. Shearman & Redfield on Neg. vol. 1 (5 Ed.), § 110; 12 S. E. 819; 23 S. W. 725; 7 N. E. 604. The verdict was excessive. 57 Ark. 377; *Ib.* 306.

*E. H. Vance, Jr.,* and *Andrew I. Rowland,* for appellee.

The allegations of a pleading should be liberally construed, with a view to substantial justice between the parties. Kirby's Digest, § 6130; 31 Ark. 657; 63 Ark. 563. If a good cause of action is defectively or insufficiently stated, objection should be taken, not by demurrer, but by motion to make more definite and certain. 31 Ark. 657, and cases cited. 32 Ark. 315; 38 Ark. 393; 49 Ark. 277; 52 Ark. 378; 56 Ark. 629.

It is the master's duty to furnish the servant reasonably safe appliances and a reasonably safe field of operation. 77 S. W. 895;

48 Ark. 474; 59 Ark. 98; 51 Ark. 457; 56 Ark. 314; 67 Ark. 399; 70 Ark. 136; *Ib.* 513; 86 S. W. 827.

Contributory negligence is never presumed, and the burden of proving it is on the defendant.   Beach on Con. Neg. § § 156-7; 46 Ark. 182; *Ib.* 436; 48 Ark. 348; *Ib.* 475; 58 Ark. 125; 100 U. S. 225; 15 Am. & Eng. R. Cases, 265; Shearman & Redfield on Neg. § 44; Whart. Neg. § 423; 57 Ark. 312; 74 Ark. 19; 15 Wall. 401.   In the absence of contrary evidence, the law presumes that the servant, killed while on duty, exercised due care. 14 Am. Eng. Enc. Law (1 Ed.), 871; 78 Mo. 195; 106 N. Y. 512; 97 Mo. 448; 4 Elliott on Railroads, 1701; 68 S. W. 559; 77 S. W. 890.   The verdict was not excessive.   33 S. W. 374; 34 S. W. 796; 46 S. W. 64; 47 S. W. 615; 50 S. W. 539; 55 S. W. 1119; 51 S. W. 558; 65 S. W. 217; 35 L. R. A. 155; 82 N. Y. St. 1057; 87 N. Y. St. 617; 170 N. Y. 587; 80 S. W. 852; 81 S. W. 991; 85 S. W. 62; 60 Ark. 551; 58 Ark. 454.

WOOD, J., (after stating the facts.)   1. "The true doctrine," says Mr. Pomeroy, "to be gathered from all the cases is that if the substantial facts which constitute a cause of action are stated in the complaint or petition, or can be inferred by reasonable intendment from the matters which are set forth, although the allegations of these facts are imperfect, incomplete, or defective, such insufficiency pertaining, however, to the form rather than the substance, the proper mode of correction is not by demurrer, nor by excluding the evidence at the trial, but by a motion before the trial to make the averments more definite and certain by amendment."   Pomeroy, Code. Rem. (4 Ed.) § 549.

The complaint was in bad form, but, taking it altogether, it charges that the negligence of the agents and servants of appellant which caused the collision and resultant death of Doughty was the negligence of appellant.   In other words, it, in effect, charges that the death of Doughty was brought about by the negligence of appellant, in that its agents and servants by their negligence and carelessness caused a collision of trains which produced his death.   The charge that Doughty's death was caused by the negligence of the company through the negligence and carelessness of its agents and servants in causing collision of trains necessarily involved the idea that the alleged negligent act was not the act of fellow-servants.   For if the act of a fellow-

servant, appellant, in a legal sense, was not negligent and not liable. *Little Rock & F. S. Rd. Co.* v. *Duffey,* 35 Ark. 602; *Fones* v. *Phillips,* 39 Ark. 17; *St. Louis, I. M. & S. Railway* v. *Shackelford,* 42 Ark. 417; *St. Louis, I. M. & S. Railway* v. *Harper,* 44 Ark. 524; *St. Louis, I. M. & S. Railway* v. *Morgart,* 45 Ark. 318; *St. Louis, I. M. & S. Railway* v. *Gaines,* 46 Ark. 555; *Railway Company* v. *Triplett,* 54 Ark. 289; *Railway Company* v. *Torrey,* 58 Ark. 217; *St. Louis S. W. Railway* v. *Henson,* 61 Ark. 306; *K. C., F. S. & M. Ry. Co.* v. *Becker,* 63 Ark. 477; *St. Louis, I. M. & S. Railway Co.* v. *Brown,* 67 Ark. 306.

It therefore devolved upon appellee to show that the alleged negligent act complained of was done by a class of servants for whose negligence appellant was liable, before recovery could be had under this complaint. But, under the liberal rules of the reformed procedure, we are of the opinion that the allegations of the complaint, while loose and inartistic in language and form, were yet sufficient to admit such proof. If the allegations were deemed insufficient, in that they failed to show the particular acts of the particular agent which constituted the negligence of the company, a motion to make more specific was the remedy. *Bushey* v. *Reynolds,* 31 Ark. 657; *Fordyce* v. *Merrill,* 49 Ark. 277; *Murrell* v. *Henry,* 70 Ark. 161.

"In construing a pleading for the purpose of determining its effects, its allegations shall be liberally construed, with a view to substantial justice between the parties." Kirby's Digest, § 6130. Applying this statutory rule to the case in hand, it seems to us reasonably clear that the complaint states a cause of action.

If we concede that the complaint fails to state a cause of action, because it fails to show, either by positive averment, or by statement of facts from which such inference is inevitable, that the negligence complained of was the negligence of other than fellow-servants, still the appellant's demurrer cannot avail here. For, instead of resting on its demurrer, it answered over, and accepted the issue on this, the only ground upon which the complaint was demurrable, if at all. The answer contains the following language: "If his (Doughty's) death resulted from the negligent act or omission of any one, such act or omission of duty was an act of a fellow-servant, for which this defendant was not liable." Thus the appellant treats the complaint as if it set

up that the negligence complained of was the negligence of other than fellow-servants, and denies same, in effect by alleging that the "negligent act or omission was an act of a fellow-servant."

"A defect in pleading is aided if the adverse party plead over to or answer the defective pleading in such a manner that an omission or informality therein is expressly or impliedly supplied, or rendered formal or intelligible." 1 Chit. Pl. 671; Bliss, Code Pl. § 437; *Pindall* v. *Trevor,* 30 Ark. 249; *Davis* v. *Hare,* 32 Ark. 386; *Webb* v. *Davis,* 37 Ark. 551; *Ogden* v. *Ogden,* 60 Ark. 70.

2. The train upon which Doughty was killed was a regular mixed local train from Hot Springs to Little Rock. It was going east, and collided with an extra or irregular train going west, about one mile from Little Rock Station, about 2:30 p. m. The engineer upon the regular train received his orders as to that train at Butterfield Station. Under the rules of the company for running of trains, a regular train had the right of way of the track over all extra trains. At Hot Springs Junction, three miles south of Little Rock, defendant company maintained a regular registering station, where all trains were required by it to stop and see that all overdue trains had arrived, registered and passed, and it was the duty of the conductor in charge of each train to stop at this registering station and register his train. Levi Greer, the conductor on the train upon which deceased was fireman, stopped his train at this junction, and, after remaining there two or three minutes, ordered the engineer on said train to pull out. There was no telegraph station or depot agent or other employee at the junction to give orders to passing trains, and there was no effort made by the conductor or any one else to stop the train after it left the junction before the collision. Signals for the handling of the train were received from the conductor through the fireman or brakeman. The air brakes on the train were working all right. The chief dispatcher of the district was located at Little Rock. All trains in the district were in his charge. He originated the running orders of the trains, and the actual running of the train was under the direction of a conductor. But the engineer also received orders from the dispatcher for the running of trains, and was equally responsible for their safety. Regular trains were run on schedule time.

On this occasion the regular train was behind time. When the collision occurred, Doughty was killed, and his body was lying, when first found, in the gang-way of the engine, where he was required to stand while putting coal from the tender into the fire box.

It is manifest from these facts, which are undisputed, that the collision was the result of the negligence of either the conductors in not observing orders, if properly given, for the running of the trains, or of the train dispatcher in not giving proper orders. It was impossible for this collision, under the proof, to have occurred in any other way. The engineer was not negligent, and Doughty, the fireman, was not negligent, for he was found dead at his post. Then how else could it have happened, save through the negligence of the train dispatcher in giving improper orders for the running of these colliding trains, or of the conductors, one or both, in running their trains in disobedience to orders, if proper orders were given? The orders that were given were not permitted to be read to the jury, over the objection of appellant. Appellant therefore will not be permitted to complain that the orders were not read, or that such orders would have exonerated its servants from the charge of negligence. No presumptions will be indulged in its favor in this respect, when it was instrumental in preventing the orders from going before the jury.

The conductor of the regular train, if running under proper orders, was certainly negligent in not observing that the extra had not reached Hot Springs Junction when his train arrived there. And, if he was not negligent in failing to observe this fact, then the conductor on the extra was negligent in failing to keep his train out of the way of the regular; or, if neither of these was negligent in the discharge of their duties, then the dispatcher should have so ordered the running of these trains as to have made the collision impossible. The injury complained of here was caused in the operation of appellant's road, over which it had entire control. The deceased was without fault. While the burden was upon the appellee to show that the injury complained of was caused by the negligence of appellant, that burden has been discharged by showing that the injury was caused in a collision of trains, by agents of appellant who were not fellow-servants, and under circumstances from which the conclusion

of negligence necessarily arises.  In *Holbrook* v. *Utica, etc., Rd. Co.,* 12 N. Y. 236, it is said:  "If the witness who swears to the injury testifies also that it was caused by a crash in a collision with another train of cars belonging to the same carriers, the presumption of negligence immediately arises."

"The true rule," says Mr. Elliott, "would seem to be that when the injury and circumstances attending it are so unusual, and of such a nature that it could not well have happened without the company being negligent, or when it is caused by something connected with the equipment or *operation of the road over which the company has entire control,* a presumption of negligence on the part of the company usually arises from proof of such facts, in the absence of anything to the contrary, and the burden is then cast upon the company to show that its negligence did not cause the injury."   4 Elliott, Railroads, § 1644; *Price* v. *St. Louis, I. M. & S. Ry. Co.,* 75 Ark. 479.

3.   Plaintiff's instructions numbered 1, 2, 3 and 5 told the jury (1) that if deceased was injured by the negligence of two or more co-employees, one of whom was not a fellow-servant, plaintiff could recover; (2) that the train dispatcher was not a fellow-servant of deceased, and if he was negligent in ordering the movement of trains whereby deceased was injured, or in failing to give proper orders, plaintiff could recover; (3) that the conductor, under certain conditions, was not a fellow-servant of deceased, and if he was guilty of negligence which caused the death of deceased, plaintiff could recover; and (5) that the act of a vice-principal was the act of the master.

It is conceded that, in the abstract, these instructions were correct, but, as applied to this case, it is contended there was no evidence upon which they could be based.

The train dispatcher and the conductor, under the proof, were not fellow-servants of Doughty.   Kirby's Digest, § 6658.   And it follows from what we have just said that there was no prejudicial error in the giving of any of these instructions.

The fourth instruction given at the request of the appellee was as follows:  "The court instructs the jury that the servant has a right to presume the master will do its duty, and he is not necessarily required to keep a lookout for an approaching train on the track where the train on which he was a fireman had the

right of track; and if you believe from the evidence in this case that the defendant company ordered the movement of its trains, whereby the train on which the deceased was fireman collided with an extra train of the defendant company, which extra train was, under the rules of said company, required to keep out of the way of the train on which the deceased was fireman, then the defendant would be guilty of negligence." It is contended by appellant that the court erred in giving this instruction, and in refusing to give its requests for instructions numbered six, seven and eleven, which told the jury that if they should find from the evidence that by reason of a curve in the track it was impossible for the engineer to keep an efficient lookout upon the track, it then devolved upon the fireman to keep such lookout; and if he failed to perform that duty, and such failure contributed to his death, their verdict would be for the defendant. Conceding that there was evidence upon which to base appellant's requests, the court did not err in refusing them. It was not contributory negligence, as matter of law, for the fireman to have failed to keep a lookout on a curve where it was impossible for the engineer to keep an efficient lookout. Whether such failure was contributory negligence would be a question of fact for the jury. The "lookout statute" (Kirby's Digest, § 6607) and decisions construing same relied upon by appellant are not applicable to a case of this kind. That statute was designed for the benefit and protection of "persons and property upon the tracks" of railroads. The statute has reference, not to the railroads themselves, or their employees while operating trains, but to third persons.

The requests were erroneous, also, for the reason that they cast the burden upon appellee to exonerate the deceased fireman from the charge of contributory negligence. Contributory negligence, as has been repeatedly held by this court, will not be presumed; it is a matter of defense, and, when alleged, must be proved by the defendant, unless the evidence developed by the plaintiff shows it. *Texas & St. L. Ry.* v. *Orr*, 46 Ark. 182; *Little Rock & F. S. Ry.* v. *Atkins*, 46 Ark. 436; *Little Rock, M. R. & T. Ry. Co.* v. *Leverett*, 48 Ark. 348; *Little Rock & F. S. Ry. Co.* v. *Eubanks*, 48 Ark. 475; *Jones* v. *Malvern Lumber Co.*, 58 Ark. 125; *Hot Springs St. R. Co.* v. *Hildreth*, 72 Ark. 572.

Furthermore, there was no evidence of contributory negligence. Doughty was found where his duties primarily required him to be, in order to keep up the fire in the engine. For aught that appears to the contrary, the position of his dead body indicated that he was killed while in the discharge of duty. There was no proof by the engineer that Doughty had been ordered by him in an emergency to keep a lookout, and that he had failed to respond. There was no proof whatever that Doughty at the time he was killed was not doing his duty. There was no evidence therefore upon which to base a charge of contributory negligence, and the instruction upon the subject after the close of the argument was more favorable to appellant than the evidence warranted. That instruction was as follows:

"In view of the fact that counsel in their argument before the jury have often referred to the statutory duty of keeping a lookout, I will say this to you:

"The statutory duty requiring 'all persons running trains in this State upon any railroad to keep a constant lookout for persons and property upon the tracks' does not necessarily apply in this case. It is for you to say whether the deceased, at the time of his injury, was in the exercise of ordinary care and caution in the discharge of his duties; and if at the time of his injury he was in the exercise of ordinary care and caution, he would not be guilty of contributory negligence, although he was at the time of his injury not keeping a lookout."

There was no error in giving appellee's fourth request. It is the company's duty to exercise ordinary care in operating its trains, and to provide its servants a safe field for operation. *Little Rock & F. S. Ry. Co.* v. *Eubanks,* 48 Ark. 474; *Ry. Co.* v. *Jagerman,* 59 Ark. 98; *Jones* v. *K. C., Ft. S. & M. Ry. Co.,* 77 S. W. 895.

The court left it to the jury to say whether the fireman should have been keeping a lookout, which, as we have said, in the absence of proof tending to show that he was not keeping a lookout, was more favorable to appellant than it had the right to ask.

4. The verdict was not excessive. Doughty had a wife and one child. He was twenty-six years and nine months old. His expectancy was 36.41 years. He was industrious, sober, of good moral character, and had graduated in the common school.

His wages were from $75 to $85 per month, and he had been twice before promoted by the defendant, and was in the regular line of promotion. An engineer received about twice the wages of a fireman. He was frugal in his habits, and of affectionate disposition. He turned his earnings over to his wife for the support of the family. His child was two years of age. According to the rule announced by this court in *St. Louis, I. M. & S. Ry. Co.* v. *Sweet,* 63 Ark. 563, and the verdicts approved in many other cases where the facts in favor of appellees were certainly no stronger than in the case at bar, we do not see our way clear to reduce this verdict. *Railway Company* v. *Harrell,* 58 Ark. 454; *St. Louis & N. A. Rd. Co.* v. *Mathis,* 76 Ark. 184; *St. Louis, I. M. & S. Ry. Co.* v. *Robert Hitt,* 76 Ark. 227; *St. Louis, I. M. & S. Ry. Co.* v. *Cleere,* 76 Ark. 377; *St. Louis, I. M. & S. Ry. Co.* v. *Grant,* 75 Ark. 579. See, also, cases from other States cited in brief for appellee.

5. Appellee, upon the undisputed facts, was entitled to a verdict. The remarks of counsel in argument therefore, if erroneous, could have no other effect than to increase the verdict. It is unnecessary to set out and discuss at length the remarks of counsel objected to by appellant. We are of the opinion that some of the remarks were improper, and that the court should have excluded them. But, in view of the argument made by the attorney for appellant, which was not warranted by the proof, to which the most objectionable of the remarks by appellee's counsel are shown to be in reply, and as we have concluded that the verdict was not excessive, we are of the opinion that the remarks, even though erroneous, were not prejudicial.

Affirm the judgment.