Du ROCHER, Respondent, vs. TEUTONIA MOTOR CAR COM-
PANY, Appellant.

*October 23—November 17, 1925.*

*Negligence: Public buildings: Safe-place statutes: Contributory negligence: Entering unlighted doorway.*

1. Sec. 101.07 and sub. (11), sec. 101.01, Stats., imposing on employers or owners of public buildings certain duties and obligations, do not eliminate the defense of contributory negligence, and the public and frequenters of a public building are under an obligation to exercise ordinary care for their own safety.    p. 211.

2. Plaintiff, whose automobile had broken down about 10 o'clock at night, hastened to secure necessary repair parts before a garage closed. He rushed to defendant's garage, entering a side door, hastened across an unlighted area, and was precipitated down a stairway to the basement, sustaining personal injuries. *Held,* that plaintiff was guilty of contributory negligence as a matter of law.    p. 214.

Du Rocher v. Teutonia Motor Car Co. 188 Wis. 208.

APPEAL from a judgment of the circuit court for Milwaukee county: S. E. SMALLEY, Judge. *Reversed.*

The action is one brought to recover damages for personal injuries. Teutonia avenue is a public street in Milwaukee and runs in a northwesterly and southeasterly direction, and Alten street is a public street running east and west and intersects Teutonia avenue. On the northeast corner of the intersection of the two streets named is located a public garage owned by the defendant, which is used as a sales room, repair shop, storage room, and office. The public entrance to the garage is located on Teutonia avenue. A short distance from the southwest corner of the garage building, to the east, on the Alten street side, there is a doorway with a glass window, which leads to a stairway, constructed at an angle of about forty-five degrees, down to the boiler room of the building, in the basement. This boiler room and stairway are separated from the main garage and the office by a brick wall, in accordance with the ordinances of the city of Milwaukee, and such construction is designed for fire-protection purposes.

On the 26th day of October, 1922, shortly before the hour of 10 o'clock p. m., the plaintiff and a companion approached said garage for the purpose of purchasing certain parts with which to repair plaintiff's car, and when they arrived at a point about thirty-five feet distant from the garage the lights in the garage proper and the office were turned out. Being anxious to secure these parts, both the plaintiff and his companion rushed to the garage, the companion entering the main entrance, which was still open, and the plaintiff entering the side door on Alten street above referred to, which was unlocked and slightly open. At the head of the stairway on the Alten street side of the entrance to the boiler room there was a platform about three feet wide, and the plaintiff, after opening the door, hurriedly crossed this platform and was precipitated down the stairway to the basement of the boiler room, which caused him to sustain the

personal injuries for which this action to recover damages is brought.

The case was tried upon the theory that the garage in question constituted a public building, as provided for by the statutes, and that the stairway and basement in question were a part of such building, and that the entrance into the boiler room and stairway was not in conformity with the public-building statutes as to safety, in that it was not lighted, and because the entrance did not contain a sign or warning cautioning employees and frequenters of danger.

The case was submitted to the jury upon a special verdict, and the jury, among other things, found that the entrance on Alten street was not so constructed as to be as safe to the public entering it as the use thereof would reasonably permit; that such failure was a proximate cause of plaintiff's injury; that reasonable safety to the public required said stairway to be lighted at night if the doorway were left unlocked; that the failure of the defendant to have said entry and stairway lighted was a proximate cause of plaintiff's injury; that the outside of the doorway on the day of the injury did not bear a sign which read "Chevrolet Service Station," or a sign which read "Keep Out," or similar words; that the plaintiff was not guilty of a want of ordinary care which proximately contributed to his injury. Upon this verdict judgment was entered for the amount of the damages found by the jury, in plaintiff's favor, and from such judgment the appeal was taken to this court.

For the appellant there was a brief by *Wehe & Landry* of Milwaukee, and oral argument by *Leo J. Landry* and *Waldemar C. Wehe.*

For the respondent there was a brief by *Wolfe & Kolinski* of Milwaukee, and oral argument by *Hubert O. Wolfe.*

DOERFLER, J. The defendant strenuously contends that the plaintiff, in entering through the doorway and in crossing the platform at the head of the stairway in the manner

as shown by the evidence, was guilty of contributory negligence as a matter of law; that its motion for judgment after verdict should have been granted; and that the judgment in the instant case should be reversed and the plaintiff's complaint dismissed.

The safe-place statutes and the public-building statutes contained in ch. 101 of the Statutes were enacted for the purpose of protecting human life, limb, and health. In order to attain the desired end, employers and owners of public buildings are burdened with certain duties and obligations, among which are those contained in sec. 101.07, which provides that "no employer or owner, or other person shall hereafter construct or occupy or maintain any place of employment, or public building, that is not safe, nor prepare plans which shall fail to provide for making the same safe;" and sub. (11), sec. 101.01, which provides: "The term 'safe' or 'safety' as applied to an employment or a place of employment or a public building, shall mean such freedom from danger to the life, health, safety or welfare of employees or frequenters, or the public, . . . as the nature of the employment, place of employment, or public building, will reasonably permit." These statutes have been construed by this court in numerous decisions since their enactment, and it was there held that the defense of contributory negligence was not eliminated, but continued to exist: *Hommel v. Badger State Inv. Co.* 166 Wis. 235, 165 N. W. 20; *Beck v. Siemers,* 174 Wis. 437, 183 N. W. 157; *Puza v. C. Hennecke Co.* 158 Wis. 482, 149 N. W. 223; *Fandek v. Barnett & Record Co.* 161 Wis. 55, 150 N. W. 537; and *Besnys v. Herman Zohrlaut L. Co.* 157 Wis. 203, 147 N. W. 37. So that the public and frequenters of a public building are under an obligation to still exercise ordinary care for their own safety. This rule forming a part of the common law is of equal importance in the preservation of life, health, and limb as are the statutory enactments above referred to.

The sales room, the work shop, the storage room, and the

office concededly constitute part of the public building in question, and the main entrance into these various departments is located upon the principal street, namely, Teutonia avenue. That such entrance was designed for the use of the public and frequenters is indicated by signs over and in close proximity thereto. Under the findings of the jury, no sign was contained over or on the Alten street door. There was therefore no invitation to the public or frequenters to enter the building by that passageway. But, assuming that the Alten street entrance was a part of a public building, can it be said that the plaintiff exercised ordinary care for his own safety in crossing the threshold of this building in the manner in which he did and under the physical situation that then existed? The night was dark. The entrance was unlighted. The plaintiff was a total stranger to this entrance. He crossed the threshold while in great haste, desiring to obtain the parts necessary to repair his broken-down automobile. On opening the door, darkness prevented his obtaining a view of the interior. He rushed along across the platform, having in mind not his own safety, but the attainment of the object which it was his desire to accomplish. Under such circumstances, can there be any doubt entertained that he was not exercising ordinary care?

The defendant in its brief cites numerous cases in foreign jurisdictions where it is held that under similar circumstances plaintiffs are held guilty of contributory negligence as a matter of law, and among such cases are *McNaughton v. Ill. Cent. R. Co.* 136 Iowa, 177, 113 N. W. 844; *Gaffney v. Brown,* 150 Mass. 479, 23 N. E. 233; *Massey v. Seller,* 45 Oreg. 267, 77 Pac. 397; *Steger v. Immen,* 157 Mich. 494, 122 N. W. 104; *Bedell v. Berkey,* 76 Mich. 435, 43 N. W. 308; and *Murphy v. Cohen,* 223 Mass. 54, 111 N. E. 771. The reasoning of these cases is based upon sound logic, and we find no occasion whatever to differ therewith. It is true, as claimed by plaintiff's counsel, that

it does not appear from these cases that they were brought under statutes similar to our own; but whether they were common-law cases or cases under specific statutes, the instant case, in common with these cases, is one in which contributory negligence must be conceded to be a defense.

Plaintiff's counsel place great reliance upon the case of *Hommel v. Badger State Inv. Co.* 166 Wis. 235, 165 N. W. 20, and they contend that under the decision in that case the question of contributory negligence was one for the jury to determine. The facts in that case, however, were radically different from those involved in the instant case. In the *Hommel Case* plaintiff was injured by tripping upon a five-inch step in the vestibule of a public building, located four inches in front of the bottom of swinging doors leading to the lobby which she was about to enter. In the decision in that case it is said:

"The jury was warranted in coming to the conclusion . . . that respondent was not familiar with the situation, particularly, that she had not seen the inner doors nor the step which came out but four inches from the bottom thereof; that when she opened the outer door and stepped through, clear of the return swing of it, into the vestibule, she was so suddenly confronted by the inner doors which she momentarily reached, that her attention to her pathway was, for the instant, diverted thereby. . . ."

So that in the *Hommel Case* the five-inch step in the vestibule constituted a construction which a jury could reasonably find was a violation of the public-building statutes. In the instant case the entrance and stairway involved were built in accordance with the ordinances of the city of Milwaukee and the construction was architecturally correct. The plaintiff in the *Hommel Case* was bent upon passing the swinging door, and thus her attention was diverted, and it was thus held by this court that the question of contributory negligence was one to be determined by the jury. That the *Hommel Case* was an extremely close case on the question of

contributory negligence is indicated by the opinion of the court, delivered by Mr. Justice MARSHALL, where he says:

"All evidence bearing on the subject of whether respondent was guilty of contributory negligence has been carefully considered, resulting in a conclusion that the trial court *was not clearly wrong* in holding that it presented a fair jury question."

The plaintiff in the instant case claimed that he was justified in his inattention by reason of his great urge for immediate action. This clearly is no more a justification than is the urge of a pedestrian in crossing a much traveled highway, with automobiles coming from all directions and in close proximity to his path. It is readily conceivable that, instead of a stairway leading down into the basement, the platform at the door might have led to a stairway up into another portion of the building, and in such event danger of injury would also confront him. Furthermore, the owners of the building might have stored material in a passageway, with which the plaintiff might have come in contact, and which would have tended to cause him serious injury. We are therefore convinced that the plaintiff was guilty of contributory negligence as a matter of law, which bars his recovery.

The conclusions thus arrived at make it unnecessary for us to consider whether the door, platform, stairway, and basement involved herein were a part of a public building and within the purview of the public-building statute contained in ch. 101 of the Statutes.

*By the Court.*—The judgment of the lower court is reversed, and the cause is remanded with directions to dismiss plaintiff's complaint.