ANNA ADAMS, APPELLANT, v. ELIZABETH OLSEN, RESPONDENT.

Argued May 22, 1930—Decided October 20, 1930.

For the appellant, *Benjamin M. Weinberg.*

For the respondent, *Turner & Slalter.*

The opinion of the court was delivered by

CAMPBELL, J.   This is an appeal from a judgment of nonsuit.

Appellant, a visiting nurse, was injured on December 10th, 1926, while she was about making a professional visit to a Mrs. Oswald, who lived in a first-floor apartment of the building 393 Main street, East Orange.  Her injuries were caused by her entering a doorway, leading from the street to the basement of the building, and falling down the stairway.  This doorway was at the sidewalk level.  The building

was so arranged that at the street level there were two stores —one a beauty parlor and the other that of a florist. The entrance to the living apartments was by a doorway and hall between these two stores or business places. At the extreme end of the building, directly adjacent to the florist's store, and distant from the apartment entrance the width of the store occupied by the florist, was this entrance to the basement, where appellant entered and was injured. This was closed by a door, glazed with leaded glass at the street or sidewalk level. Immediately above it appeared the number 393. This was a part of the sign of the florist which covered the entrance in question and the entire front of such store. Such sign being "393 Reichey and Lake 393."

At the time appellant attempted to make use of this way the door was closed, but not locked.

The trial judge nonsuited the plaintiff-appellant upon the ground that she was a trespasser and was without invitation express or implied to make use of this way.

Under such facts and circumstances, without anything else appearing, it is extremely doubtful, whether the judgment of nonsuit could be legally justified upon the grounds advanced by the trial judge.

But it is too well established to require citation of authority, that such a judgment will not be reversed if there is a legal and substantial ground to support it although such ground may not have been relied upon by the trial judge.

The nonsuit was moved also upon the ground that the appellant was guilty of contributory negligence as a matter of law; that is that she, herself, was so negligent of care for her own safety that reasonable minds could not differ.

The further facts are that appellant had on two previous occasions, shortly before December 10th, 1926, when she was injured: namely on Thanksgiving Day and on December 3d, visited this same Mrs. Oswald, in the same apartment, and on each of such occasions had done so through this central entrance before referred to, and which was the way provided and designed to reach such apartment. She knew,

or in the exercise of reasonable care and discretion must be charged with having known, that this was the means of entrance provided, and that it was the extent of her invitation to use the premises. It would seem incredible to say that a person in such a position and with such knowledge might step aside from a known means of ingress and egress to a building, positively known to be the way provided by the owner for such purpose, and over which he extends to all persons a right to go and to leave to such a person the right to wander about seeking some other possible way. And added to this is the fact that the appellant very apparently exercised no care for her own safety. She very apparently made use of this entrance without any care or concern for her own safety.

The proofs show with utmost conclusion that what she did was to alight from a trolley car and proceed to this building and immediately go to this particular entrance which she had not previously used and finding the door unlocked and yielding to her efforts, entered a way unknown to her and without the least investigation or care for her own safety stepped into a dangerous and, to her absolutely unknown way, and was injured.

We cannot escape the conclusion that such conduct upon the part of the appellant was, under the facts and circumstances of the case, the grossest negligence with which one having any regard for their own safety could be charged.

We are forced, therefore, to the conclusion that the nonsuit was abundantly justified in fact and in law by the negligence of the appellant.

The judgment below will, therefore, be affirmed.

*For affirmance*—The Chancellor, Chief Justice, Trenchard, Campbell, Lloyd, Case, Bodine, Daly, Van Buskirk, McGlennon, Kays, Hetfield, Dear, Wells, JJ. 14.

*For reversal*—None.