ZILLES, Respondent, vs. MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Appellant.

*January 12—February 7, 1933.*

For the appellant there was a brief by *Shaw, Muskat & Paulsen* of Milwaukee, and oral argument by *Carl Muskat*.

For the respondent there was a brief by *Hammersley & Torke* of Milwaukee, and oral argument by *Charles Hammersley*.

Fritz, J. Plaintiff and Sylvia Pleva (the plaintiff in a companion case, which was tried with this action) were injured by falling off a trestle on defendant's right of way, after alighting, shortly after midnight, from one of defendant's interurban cars on which they had been transported as passengers. The plaintiffs relied on proof that they had never before been on the station grounds at which they alighted that night, and knew nothing about conditions at that place excepting that a public highway was to the west of those grounds; that when they alighted and the car departed, there was no illumination whatsoever at those grounds, and that it was so dark that one could only see the other when they were next to each other, and that they could see neither the two or three other passengers, who had also alighted, nor any physical objects excepting the rails at their feet and a blurred outline of a fence to their left. Under those circumstances they walked west six or eight steps along the rail to a cattle-guard, which they crossed in the belief that they had been let off the car to the east of the station grounds, and therefore had to cross the cattle-guard to reach those grounds. They then walked six or eight feet further and fell at the trestle, which carried the rails over the public highway, and which, because of its proximity to the station grounds, renders that locality exceedingly dangerous on a dark night in the absence of some illumination.

There is an irreconcilable conflict in the evidence on the subject of whether the lights, which had been provided by

the defendant at those grounds, were lit at the time of the accident. The jury found that the defendant was negligent in respect to keeping its station grounds in a safe condition for use of its patrons, and that the plaintiffs were injured as the result of that negligence. In approving that finding the learned circuit judge said:

"The question submitted was whether the defendant was negligent in respect to keeping its station grounds in safe condition. That seems to this court to submit the exact issue, and the jury must have found the grounds unlighted, and therefore unsafe, and there is ample evidence to warrant such a finding."

Upon reviewing the evidence we arrive at the same conclusion, and therefore must overrule defendant's contention that the plaintiffs failed to prove any negligence.

Defendant also contends that, although the jury found that the plaintiffs were not negligent in respect to their own safety, as a matter of law they were guilty of contributory negligence. That contention defendant bases upon the decisions in *Erickson v. McKay*, 207 Wis. 497, 242 N. W. 133, and *Du Rocher v. Teutonia Motor Car Co.* 188 Wis. 208, 205 N. W. 921. In those cases plaintiffs were held guilty of contributory negligence because they had walked about in the dark in a strange place, as to the conditions or dangers whereof they had no knowledge, but which they had voluntarily entered from a place of safety. In the case at bar the situation is quite different in that plaintiffs did not voluntarily enter a dark place. They were set off by the defendant—who owed them, as its passengers, the duty of providing reasonably safe and sufficiently lighted station grounds, including an exit therefrom (*Patten v. Chicago & N. W. R. Co.* 32 Wis. 524, 533; *McDermott v. Chicago & N. W. R. Co.* 82 Wis. 246, 251, 52 N. W. 85; *Skow v. Green Bay & W. R. Co.* 141 Wis. 21, 123 N. W. 138)—in a place found by the jury to have been dark and dangerous. The defendant left them there to find their way out. They had not en-

tered and were not in the dark at their own volition, and they could not be expected to remain there. They had a right to assume that those grounds were safe for defendant's patrons, and that defendant had provided a safe exit to the highway. Under the circumstances it was rather necessary and it was right for them to endeavor to proceed and reach the public highway, which they knew to be on the west side of defendant's grounds, and which they had an impression crossed the tracks at grade. True, upon starting westward, they passed over a cattle-guard, but as they then believed that they had been put off east of the station grounds, it did not constitute a warning to them that by crossing that guard they were leaving the grounds. Under those conditions they cannot be considered trespassers, as a matter of law, in entering upon the right of way, which unbeknown to them was to the west. of that guard. Neither was that guard necessarily a warning to them that there was a declivity or trestle just beyond it. Consequently they were not contributorily negligent, as a matter of law, in walking westward along the tracks in trying to find their way to the road in the darkness. Whether they were negligent is a question of fact arising on evidence, which reasonably admits of different inferences, and which is therefore a question for the jury. *Trautmann v. Charles Schefft & Sons Co.* 201 Wis. 113, 228 N. W. 741. It would, of course, be otherwise if the plaintiffs had voluntarily entered into a dark and unknown place, or continued on with obscured vision when there was no reasonable necessity for doing so. *Erickson v. McKay, supra; Du Rocher v. Teutonia Motor Car Co., supra.* It follows that the issues were rightly submitted to the jury and that the evidence warranted the verdict and the approval thereof, and the judgments ordered thereon by the court.

*By the Court.*—Judgment affirmed.