**YOUNG v. BALDWIN et al.**

No. 10561.

Circuit Court of Appeals, Eighth Circuit.
July 20, 1936.

William R. Donham, of Little Rock, Ark., for appellant.

Robert E. Wiley and Henry Donham, both of Little Rock, Ark., for appellees.

Before STONE, WOODROUGH, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal from a judgment upon a verdict directed for the defendants, appellees in this court, in an action for damages for personal injury alleged to have resulted from the negligence of the defendants' servants.

The complaint alleges that the defendants operate a line of railroad from St. Louis, Mo., south through Little Rock and Prescott to the city of Texarkana, Ark. On December 22, 1933, the plaintiff was a pas-

842

senger over said line from Little Rock to Prescott on a train arriving at the latter city about 10 o'clock p. m. on said date.

The station at Prescott faces east. In front of it is a platform running north and south. Two railroads use the station. The first track is adjacent to the station platform. Between this track and the track of the defendants further east is a brick platform serving as a landing for passengers arriving on the defendants' trains. The train on which plaintiff was riding consisted of nine cars. Her coach was next to the last in the train, and it was stopped so that the passengers alighted about 33 feet north of the end of the brick platform and about 150 to 200 feet northeast of the corner of the station, at which point plaintiff's mother-in-law was waiting for her with an automobile. There was a switch track connecting the two railroads at the point where plaintiff alighted from the train.

At the time the train arrived it was dark, and there was no light present to illumine the surrounding objects. There was a light going in front of the station, and one not in operation, according to the testimony of several witnesses, at the north end of the brick platform.

The plaintiff's uncle met her at the train. He had lost a leg and was crippled. He took hold of plaintiff's arm when she got off the train, and they started in the direction of the station and the point where the automobile was waiting. He knew they were crossing the switch tracks, but did not tell plaintiff nor warn her in any way. They had taken but a few steps when in attempting to make her way in the darkness she stepped into a switch point between two rails and was thereby thrown to the ground, receiving the injury complained of.

The only charge of negligence in the complaint is in these words: "Plaintiff's injuries were due to the negligence of the agents and servants of the defendants in charge of the operation of the train upon which she was a passenger in negligently and carelessly stopping the passenger coach in which she was riding as a passenger at a point some distance away from the passenger station at a place where there were no lights, and in negligently and carelessly discharging plaintiff as a passenger at this point, in the darkness, so that as she attempted to go to the station platform from the point where she had gotten off said train, she was unable to see her way and stepped into a switch point between two rails of the

railroad track and was thereby caused to fall and was injured as aforesaid."

The answer consists of a general denial, and a charge of contributory negligence in this language: "Further answering, these defendants say that if the plaintiff was injured at all, it was due to her own carelessness and negligence in not looking where she was walking and in failing to exercise ordinary care for her own safety and protection in leaving the premises of the defendants after alighting from the train. * * *"

At the conclusion of all the testimony, "defendants moved the court for a directed verdict upon the evidence." The motion was sustained and the judgment entered thereon from which this appeal is taken.

It is claimed the District Court erred "in directing a verdict for the defendants over the objection of the plaintiff," and in rendering judgment thereon.

We are unable to determine from the motion and ruling whether the trial court based his decision upon a failure of the evidence to suport the charge of negligence alleged in the complaint or upon undisputed proof of contributory negligence as charged in the answer, or upon both. It would be fairer to the trial court, to counsel for plaintiff, and to this court, if counsel in making motions for a directed verdict would specify the ground upon which they rely. A general motion stating no grounds is not sufficient. Mansfield Hardwood Lumber Co. v. Horton (C.C.A.8) 32 F.(2d) 851, 853; Public Utilities Corporation of Arkansas v. McNaughton (C.C.A.8) 39 F.(2d) 7; Falvey v. Coats (C.C.A.8) 47 F.(2d) 856, 857, 89 A.L.R. 1; Wharton v. Aetna Life Ins. Co. (C.C.A.8) 48 F.(2d) 37; Bank of Union v. Fidelity & Casualty Co. of New York (C.C.A.8) 62 F.(2d) 1040, 1041; People's Loan & Investment Co. v. Universal Credit Co. (C.C.A.8) 75 F.(2d) 545, 546.

Upon the question of negligence of the defendants it is without dispute that the plaintiff was discharged from the train approximately 33 feet north of the brick platform between the two tracks. There is the testimony of several witnesses that the light at the north end of the platform was not in operation, and that it was dark. It was necessary for the plaintiff to cross the track between the place where she alighted and the station, and the switch at that point could not be seen. The duty of the defendants under the circumstances in evidence is well settled. The relation of carrier and

passenger between a railroad company and a passenger on one of its trains is not terminated when the passenger alights at a station but continues until the passenger has a reasonable time to leave the station. Chicago, R. I. & P. Ry. Co. v. Thurlow (C.C.A.8) 178 F. 894, 898, 30 L.R.A.(N.S.) 571; Pinson v. Kansas City Southern Ry. Co. (C.C.A.5) 37 F.(2d) 652, 656. The carrier owes to such passengers on its premises the duty to exercise reasonable care for their safety. Chesapeake & O. Ry. Co. v. Burton (C.C.A.4) 50 F.(2d) 730, 731. This casts upon the carrier the duty of providing reasonably safe and sufficiently lighted station grounds. Zilles v. Milwaukee Electric Ry. & Light Co., 210 Wis. 564, 246 N.W. 693, 694; Texas & Pac. Ry. Co. v. Stewart, 228 U.S. 357, 362, 33 S.Ct. 548, 57 L.Ed. 875.

Under these clearly-established rules and the evidence disclosed in the record, the question of the negligence of the defendants was for the determination of the jury.

■ The defendants argue with much earnestness that the plaintiff was guilty of contributory negligence. As to this defense the burden was upon the defendants. Choctaw, Oklahoma & Gulf Railroad Co. v. Doughty, 77 Ark. 1, 10, 91 S.W. 768; Little Rock & Fort Smith Railway v. Atkins, 46 Ark. 423, 436; Western Real Estate Trustees v. Hughes (C.C.A.8) 172 F. 206, 209. In considering the evidence upon this issue, where as here there was a motion for a directed verdict for the defendant, the court is guided by the law that where there is uncertainty as to the existence of negligence or contributory negligence, arising either from a conflict of testimony or from the fact that fair-minded men might draw different conclusions from undisputed evidence, the question is one of fact for the jury and not one of law for the court. Hampton v. Des Moines & Cent. I. R. Co. (C.C.A.8) 65 F.(2d) 899, 901; Ralston Purina Co. v. Bansau (C.C.A.7) 73 F.(2d) 430, 432.

■ It is first charged in defendants' brief that plaintiff was guilty of contributory negligence because: "A safe route had been provided by appellees for her to reach the station from the place where she got off the train, and if she had followed it she would not·have been injured." This theory is based upon the proposition that if plaintiff had proceeded south from the point where she alighted from the train between the railroad tracks to a point opposite the

station where there was a light she could then have crossed to the station in safety. But contributory negligence of the injured party is not always established by pointing out that he might have used a safe instead of a dangerous way; it must be shown, also, by him who has the burden, that the injured party was charged with knowledge of the surrounding circumstances and chose the dangerous way with the extra hazard in view. Well v. Moran Bros. Co., 55 Wash. 102, 104 P. 172, 174; Great Northern Ry. Co. v. Thompson (C.C.A.9) 199 F. 395, 399, 47 L.R.A.(N.S.) 506. The evidence in this case fails to show that plaintiff knew of a safe way, or that the way she undertook to cross was dangerous. It does not appear that she knew of the presence of the intervening railroad track between where she alighted and the station until she stepped into the switch point. Since it was dark at the time when she alighted, and the light was from 150 to 200 feet away, she cannot be charged with such knowledge.

■ The claim of contributory negligence is further urged upon the ground that her crippled uncle met the plaintiff at the train and that she placed herself in his charge, thus relieving defendants of all responsibility. The alleged negligence of the defendants in putting plaintiff off the train in a dark place distant from the station continued from the time she alighted until the accident occurred. The jury would have been warranted in finding that this act of negligence was the efficient cause in the absence of which the injury would not have occurred. The evidence does not support the charge that plaintiff placed herself in charge of her uncle. He took hold of her arm, but the testimony does not disclose what conversation, if any, took place between them; neither does it show that he led her into danger, nor that he influenced her decision to go one way or another. His negligence is not in issue; but if he were guilty of any negligence contributing to the injury, in so far as shown by the record, it was a failure to warn plaintiff of the existence of the switch track and his failure to tell her of the location of the platform 33 feet south. But his failure to warn her or to perform any duty resting upon the railroad company cannot be imputed to the plaintiff. "It is no defense for a wrongdoer that a third party shared the guilt of the same wrongful act, nor can he escape liability for the damages he has caused on the ground that the wrongful act of a third party contributed to the

injury." Choctaw, O. & G. R. Co. v. Holloway (C.C.A.) 114 F. 458, 461, 462. Quoted with approval in Miller v. Union Pacific R. Co., 290 U.S. 227, 236, 54 S.Ct. 172, 78 L.Ed. 285.

The court below erred in sustaining the motion for a directed verdict. The judgment appealed from is accordingly reversed and the case is remanded to the district court, with directions to grant a new trial.

Reversed.